Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
SPLASH NEWS AND PICTURE AGENCY, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPLASH NEWS AND PICTURE AGENCY, LLC, a Nevada limited liability company,<br><br>*Plaintiff*,<br><br>v.<br><br>JENNIFER LOPEZ, an individual,<br><br>*Defendant*. | Case No.: 2:19-cv-8598<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>*Jury Trial Demanded* |

Plaintiff Splash News and Picture Agency, LLC, for its Complaint against defendants Jennifer Lopez, alleges as follows:

1. This is an action for copyright infringement brought by plaintiff, the holder of the copyright to the photograph described below, against defendant for use of plaintiff's photograph without authorization or permission.

**JURISDICTION AND VENUE**

2. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright law of the United States.

3. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question), and § 1338 (copyright).

5. Defendant is subject to the personal jurisdiction of this Court because she maintains a residence in this judicial district.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(1).

## PARTIES

7. Plaintiff Splash News and Picture Agency, LLC is an entity organized and existing under the laws of the nation of the State of Nevada with its principal place of business in Los Angeles, in this judicial district.

8. Plaintiff is the world's leading celebrity and breaking news agency, licensing images, video, and stories to top publishers around the world, including in the United States and in California.

9. Defendant Lopez is an actress, singer, dancer, and producer and conducts business in Los Angeles.

## BACKGROUND FACTS

**A.  The Infringed Images**

10. Plaintiff is the owner and exclusive copyright holder of a photographic image (the "Photograph") depicting Lopez holding hands with her then-boyfriend and now-husband Alex Rodriguez while out for breakfast in New York City.

11. The Photograph was registered to plaintiff with Registration No. VA 2 079 859 (eff. Dec. 12, 2017) in compliance with the Copyright Act. A true copy of the registration certificate available at copyright.gov is attached as Exhibit A.

**B.  Defendants' Unauthorized Use**

12. Plaintiff never licensed the Photograph to defendant. Nevertheless, Lopez used it without authorization or permission from plaintiff to do so.

13. Specifically, Lopez or someone acting on her behalf copied the Photograph and distributed it on Instagram, via the @jlo account, on a story posted November 7, 2017. A true copy of the infringement is attached as Exhibit B.

14. Lopez has over 93 million Instagram followers, and her Instagram account is open to the public.

15. Plaintiff notified Lopez of her infringement, through her representatives, by a letter dated December 12, 2017.

16. The Photograph is creative, distinctive, and valuable. Because of the subject's celebrity status, and the Photograph's quality and visual appeal, plaintiff (and the photographer it represents) stood to gain revenue from licensing the Photograph.

17. But defendant's unauthorized use harms the existing and future market for the original Photograph. The Instagram post made the Photograph immediately available to Lopez's tens of millions followers and others, consumers of entertainment news—and especially news and images of Lopez herself, as evidenced by their status as followers of her—who would otherwise be interested in viewing licensed versions of the Photograph in the magazines and newspapers that are plaintiff's customers.

18. In addition, defendant's unauthorized use is expressly commercial in nature. Lopez uses her Instagram feed for the purpose of promotion—specifically, to promote her business interests, products, and ventures; to promote and sell the products and services of others; to maintain and increase her visibility and desirability as an endorser, actress, model, and entertainment personality; and to promote her persona and celebrity status. In short, every one of Lopez's Instagram posts is fundamentally promoting something to her 93 million followers.

19. On information and belief, at the time that Lopez copied and distributed the Photograph, she knew or should have known that she did not have authorization or permission to do so.

20. Defendant did not disclose her unauthorized uses of the Photograph to plaintiff or seek permission to use the Photograph. But for plaintiff's discovery of the unauthorized use, her infringement would still be concealed.

## CLAIM ONE

### (For Copyright Infringement)

21. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

22. The foregoing acts of defendant constitute infringement of plaintiff's copyright in the Photograph in violation of 17 U.S.C. §§ 501 et seq.

23. Plaintiff suffered damages as a result of defendant's unauthorized use of the Photograph.

24. Plaintiff is informed and believes and on that basis alleges that defendant's acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendant to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement)

25. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

26. Plaintiff is informed and believes and on that basis alleges that defendant knowingly induced, participated in, aided and abetted in, and profited from the unauthorized reproduction and/or subsequent distribution of the Photograph.

27. Defendant is vicariously liable for the infringement alleged above because, on information and belief, she had the right and ability to supervise the infringing conduct and because she had a direct financial interest in the infringing conduct.

28. By reason of defendant's acts of contributory and vicarious infringement as alleged above, plaintiff has suffered and will continue to suffer substantial

damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29. Plaintiff is informed and believes and on that basis alleges that defendant's act of copyright infringement, as alleged above, was willful, intentional, and malicious, which further subjects defendant to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with her from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photograph described in the Complaint;

B. For an order requiring defendant to account to plaintiff for her profits and any damages sustained by plaintiff arising from the acts of infringement;

C. Under 17 U.S.C. § 503, for impoundment of all copies of the Photograph used in violation of plaintiff's copyright—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of plaintiff's Photograph or, where applicable and at plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees and all other costs authorized under law;

G. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: October 5, 2019

Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By: _____
Peter E. Perkowski

Attorneys for Plaintiff
SPLASH NEWS AND PICTURE AGENCY, LLC